East'n District.
*May,* 1823.

BROWN & AL.
*vs.*
RICHARDSONS.

It is not suffi-
cient that the
facts necessary
to be stated in
a petition, to
create responsi-
bility in one
character, esta-
blish liability in
another to au-
thorise the con-
clusion that the
defendant was
sued in both.
  Contracts
should be ex-
pounded accor-
ding to the laws
of the country
where they are
made, and en-
forced accord-
ing to the regu-
lations which
prevail where
the debtor is
found.
  If the proper-
ty of the estate
of a person who
has died abroad
comes into this
state after his
decease, it can-
not be attached.
It must be re-
presented by a
curator.
  If the defen-
dant sued in one
capacity suffers
an inquiry to
be gone into to
establish res-
ponsibility in
another, judg-

*JOHN BROWN & CO.* vs. *RICHARDSONS.*

APPEAL from the court of the first district.

PORTER, J. delivered the opinion of the court. The petitioners aver that Wm. Anthon Richardson, Wade Richardson, John G. Richardson, Jared Richardson, and James Richardson, residents of the state of Mississippi, are indebted to them in the sum of $2630 $\frac{99}{100}$ for this, that Joseph Fuqua and Wade Richardson, trading under the firm of Fuqua & Richardson, made their promissory note for that amount in favor of Francis Richardson, deceased, who being indebted to the petitioners, endorsed it to them. That they presented it to the drawers, who refused payment, and that they caused it to be protested, and due notice thereof given to the endorser and his representatives. In consequence of which they state that the persons above named, who are heirs of Francis Richardson, have become liable to them for the note thus endorsed by their ancestor, and more particularly so, as they have received property of his estate to a larger amount than that now claimed of them.

The petition concludes by stating, that the parties above named reside permanently out

of the state, but that they have credits and effects in the hands of —— Debuys & —— Longer, and prays that the property of all the said defendants, or any of them, within the jurisdiction of the court, may be attached to an amount sufficient to satisfy the claim, with interest and costs.

East'n District.
May, 1823.

BROWN & AL.
vs.
RICHARDSONS.

ment will be given in pursuance to the proof adduced.

An attachment issued as prayed for, and the sheriff returned that he had attached in the hands of the garnishees, the goods and chattles, lands and tenements, credits, &c. of the defendants, to satisfy the demand contained in the petition.

Two of the defendants, viz. Wm. A. Richardson and John G. Richardson, released the property attached, which belonged to them, and gave bond with security, conditioned as the law directs.

The attorney appointed by the court to defend the rights of the parties, non-residents, filed an answer in which he stated, that under the authority conferred on him by the appointment of the court; he denied the allegations contained in the petition, and pleaded specially—1st, that the note was made in the state of Mississippi, where the ancestor of the defendant's resided and died, and that the

East'n District.
*May,* 1823.

BROWN & AL.
*vs.*
RICHARDSONS.

plaintiffs' remedy was against his executor. 2d, that the heirs of Francis Richardson were eight in number, and that if they were held to be responsible, it could only be each for his part.

One of the defendants, Wade Richardson, is a partner in the house of Fuqua & Richardson, who are the makers of the note, and as he is heir to Francis Richardson, who is endorser, it has been made a question in this case, whether the petition, the material averments of which we have just recited, does not charge him as maker, as well as heir to the endorser. We are clearly satisfied it does not. It is not sufficient, that the facts necessary to be stated, to create responsibility in one character, establish liability in another, to authorise this court to conclude that therefore the defendant was sued in both. Every thing in a petition should be plain and perspicuous, and the party sued ought to be clearly instructed why he is sought to be condemned, not left to infer it from doubtful and obscure allegations.

The next question is, which of the parties named are regularly before the court. It has been contended that only two of them, W. A.

and J. G. Richardson, have been made defend-
ants.   On recurring to the petition we find,
however, that three other persons are sued
with the two just named, and the sheriff returns
that he has levied the writ of attachment on the
property of the *defendants*.    There is nothing
in the record which proves this untrue.    It is
indeed stated that two of the parties replevied
certain credits and a quantity of cotton be-
longing to them, which had been attached;
but this the plaintiffs contend, and we think
correctly, does not prove that the objects re-
leased were necessarily every thing which had
been levied on.    And even if the bond did
state explicitly, that all the property seized
had been given up, it would not be sufficient
to disprove the sheriff's return.    For, in order
that the evidence should have that effect, it
ought to have been given contradictorily with
the opposite party.    The admissions of the
counsel in respect to the bond, are confined
to an approbation of the security—his previ-
ous assent is given to the property being deli-
vered up to the defendants.

The next inquiry which the case presents is,
as to the liability of the defendants.    The
contract on which they are sued was made at

East'n District. Woodville, in the state of Mississippi; their
May, 1823.
~~~~         father died there, leaving executors charged
BROWN & AL.   with the settlement of his estate, and payment
    vs.
RICHARDSONS.  of his debts; and it is insisted that, according
to the laws of that country, the heir is not re-
sponsible for the simple contract debts of his
ancestor.

, The counsel have agreed that the common
law and statutes of England, up to the year
1776, form the rule of action in that state, ex-
cept so far as they are changed by its legisla-
tive enactments.

At common law the heir was not bound by
the contract of his ancestor, unless expressly
named in it, *Bacon's Ab.* 3, 459—*heir and an-*
*cestor.*   We do not find any thing in the laws of
Mississippi, which alters or affects this princi-
ple, or which makes him responsible.   What
relief a court of equity in that state would af-
ford to a creditor, on a contract made in ano-
ther country, against the heir, who (after the
payment of all the supposed debts of the es-
tate by the executor) had received the resi-
duary portion, we do not know.   But on such
proof as has been given in this case, the de-
fendants could not even be pursued before
that tribunal; for the executors swear that

they have in their hands, and intend to hold,
funds to an amount sufficient to pay the claim
of Brown & Co.

We recognise the distinction made by the
plaintiffs' counsel between the right and the
remedy, and agree with him that contracts
should be expounded according to the laws of
the country where they are made, and en-
forced according to the regulations which pre-
vail where the debtor is found.   It is that dis-
tinction which gives the defendants immunity
in this case.   For in order to ascertain who is
debtor, we must recur to the laws of the coun-
try where the contract was made ; and if these
laws do not make persons standing in the
character of the appellants liable, under the
circumstances now in proof, they cannot be
made so by a change of jurisdiction.   It is
true, that according to our jurisprudence, the
heir is obliged to pay the debts of the ances-
tor, if he accepts the succession uncondition-
ally ; but it does not follow that the same rule
exists in other countries.   An embarrassment
is created in considering the case, from a feel-
ing which it is difficult to check, that there
exists something like a natural obligation on
the child to pay the parents debts—particu-

East'n District.  larly if he takes any of his property.   But that
*May*, 1823.      obligation is in fact nothing but the creature
BROWN & AL.       of positive law, and is of course subject to all
*vs.*             the modifications which the policy of different
RICHARDSONS.      states may induce them to adopt.

But it is contended that the heirs are only sued here as the means of getting at the property of their ancestor.   To this argument we think the reply of the defendants' counsel is satisfactory.   If Richardson, who died in the state of Mississippi, has property in Louisiana, and his heirs live out of its limits, the succession is a vacant one, and a curator should be appointed for it—*M'Kenzie* vs. *Havard*, 12 *Martin*, 101.

The last point is the liability of one of the defendants as drawer, and we are of opinion that the district court did not err in giving judgment against him in that capacity.   He is proved to be the maker; and although, as we have already seen, the petition was not sufficiently explicit to allow us to say that the defendant was apprised of being sued in that character; yet, as it appears an investigation was gone into in the court of the first instance in relation to his responsibility, as such, and as the evidence taken establishes that respon-

East'n District.
May, 1823.

BROWN & AL.
vs.
RICHARDSONS.

sibility, we think the plaintiffs should recover. If the testimony had been introduced, as it is urged it was, merely for the purpose of making out the plaintiffs' demand, as they thought fit to alledge it in the petition, there would be much weight in the argument used, to distinguish this case from those already decided on this head. But the proof taken here, was to establish a right to recover in another capacity—2 *Phillips' Ev.* 18 ; *Langlini* vs. *Broussard,* 12 *Martin,* 18.

The investigation we have gone into, as to the rights of all the defendants, expresses our opinion on an objection made that only two of them had appealed. On the whole, we think that the judgment of the district court should be annulled, avoided and reversed : and proceeding to give such judgment as in our opinion ought to have been rendered in that court; it is ordered, adjudged and decreed, that the plaintiffs do recover of the defendant, Wade Richardson, the sum of two thousand six hundred and thirty dollars, 95 cents, with interest on the said sum at eight per cent. from the 22d March, 1822, until paid, and costs of suit. And by reason of the gar-

nishees, —— Debuys & —— Longer, having failed to answer the interrogatories propounded them, it is decreed that they pay the amount of this judgment, or in failure thereof that execution issue thereon against them according to law.

It is further ordered, adjudged and decreed, that there be judgment for the other defendants against the plaintiffs, as in a case of nonsuit.

*Eustis* for the plaintiffs, *Hoffman* for the defendants.